WICKER, Judge.
Terry Glaudi Aime appeals the dismissal of her suit against Jean Ann Frayle Glaudi, based upon Mrs. Glaudi’s exception of no cause or right of action. We affirm.
. Mildred and Lloyd Glaudi married in 1939 and established a community of ac-quets and gains in Louisiana. During the marriage Mr. Glaudi made contributions to the Loyola University WWL Radio and Television Division Tax Sheltered Annuity Program operated and managed by the New England Mutual Life Insurance Company. Mrs. Glaudi died on April 20, 1987; and the value of the Plan was $50,031.83 as of December 31, 1987. Mr. Glaudi married Jean Ann Frayle on January 18, 1988. During that marriage, the Plan was dissolved because Loyola University sold the television station; and Mr. Glaudi transferred the proceeds of the Plan to an Individual Retirement Account on November 27, 1989, with the second Mrs. Glaudi as beneficiary. Mr. Glaudi died on December 29, 1989.
Mrs. Aime, the daughter of Lloyd and ■ Mildred Glaudi, opened her mother’s sue- *780 cession and was named administratrix. She sued Mrs. Glaudi, her father’s widow, individually, on behalf of her mother’s succession. She asked for one-half the value of the Plan as of the date of the termination of the community which had once existed between her parents, i.e. the date of her mother’s death. She alleged, “Petitioner brings this action under the community property laws, heirship laws, and forced heirship laws of the State of Louisiana.”
Mrs. Glaudi excepted to the petition on two grounds: (1) under La. R.S. C.C. art. 1505 retirement plans do not form part of the active mass of a succession and are not subject to forced heirship rights; and (2) the Succession of Lloyd Glaudi, if anyone, is accountable as usufructuary. Based upon his appreciation of the pleadings and the law, the judge dismissed the petition.
Mrs. Aime now claims the judge misunderstood the facts of the case, in that he perceived her to be suing for her forced heirship right to her father’s succession instead of her mother’s half of the community. She also claims the judge erroneously applied La. C.C. art. 1505.
We are persuaded that Mrs. Aime is not entitled to the proceeds of the IRA. The IRA itself was never an asset of the succession of Mrs. Aime’s mother, as it was established after her death. At most, Mrs. Aime is entitled to an accounting from her father’s succession, since Mr. Glaudi, a surviving spouse in community with Mildred Glaudi, had the usufruct of the Plan and its proceeds at least until his marriage to Jean Ann Glaudi. La. C.C. art. 890. “[T]he succession representative appointed by a court of this state is the proper defendant in an action to enforce an obligation of the deceased or of his succession_” La. C.C.P. art. 734.
Furthermore, we have already held, “Absent a showing that community property rights of [the decedent’s] first wife, who is not a party, or forced heirship rights have been infringed, we see no justification for requiring [decedent’s] widow and beneficiary to reimburse her stepchildren.” Succession of Egan, 543 So.2d 940, 946 (La. App. 5th Cir.1989), writ not considered, 545 So.2d 1041 (La.1989). There has been no such showing made, nor could there be until and unless an accounting by Mr. Glau-di’s succession reveals such an infringement.
The judgment in favor of Jean Ann Frayle Glaudi, dismissing on exceptions the petition of Terry Glaudi Aime, is affirmed.
AFFIRMED.